**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CASE NO. 1:11-CV-00054-R**

**HAROLD BRANTLEY**                                                                 **PLAINTIFF**

v.

**SAFECO INSURANCE COMPANY**
**OF AMERICA**                                                                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's motion to remand (DN 5). Defendant has responded (DN 6) and Plaintiff has replied (DN 7). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's motion is DENIED.

**BACKGROUND**

Plaintiff Harold Brantley brought this action under the laws of Kentucky against Defendant Safeco Insurance Company of America ("Safeco") for breach of their insurance contract, violations of the Unfair Claims and Settlement Practices Act ("UCSPA"), and for engaging in bad faith insurance practices. DN 1-1 at 3-4. The matter was originally filed in the Warren County Circuit Court on September 16, 2010. In his complaint, Brantley requested compensatory damages in the amount of $55,400.00, punitive damages, and reasonable attorneys' fees. DN 1-1 at 4-5.

On October 8, 2010, Safeco submitted to Brantley its First Set of Requests for Admissions. DN 5-2 at 1. Each question asked whether Brantley was actually seeking damages in excess of the jurisdictional amount required by 28 U.S.C. § 1332. The requests and Brantley's answers are as follows:

1

> 1. Please admit that the total amount sought by [Brantley] in this lawsuit against Defendant exceeds or will exceed $75,000.00, exclusive of interests and costs.
>
> RESPONSE: Barring the discovery of some outrageous conduct currently unknown to the Plaintiff and not heretofore alleged or pled, and barring any award of attorneys' fees, this Request is **Denied**.
>
> 2. Please admit that the total amount sought by [Brantley] does not and will never exceed $75,000.00, exclusive of interest and cost.
>
> RESPONSE: Barring the discovery of some outrageous conduct currently unknown to the Plaintiff and not heretofore alleged or pled, and barring any award of attorney's fees, this Request is **Admitted**.

DN 5-2 at 1 (emphasis in original). These responses ("Admission Responses") were returned on October 15, 2010. On or around March 23, 2011, the attorneys for the parties exchanged letters, where Safeco's counsel again inquired whether Brantley's damages were less than $75,000.00. DN 6-1 at 3. In response, Brantley's counsel referred to his earlier admissions. DN 1-4 at 2.

On March 28, 2011, Safeco's counsel telephoned Brantley's counsel and requested the parties stipulate that the amount in controversy, including attorneys' fees, was less than $75,000.00. DN 6-1 at 3. Brantley's counsel refused, saying that attorneys' fees and punitive damages might drive the amount awarded higher. As a result of this conversation, Safeco removed the case to this Court on April 1, 2011. It offered the following basis for federal jurisdiction in its notice of removal:

> Here, Plaintiff's Complaint states that he is seeking at least $55,400 in compensatory damages which is obviously less than $75,000. However, Plaintiff is also seeking punitive damages as well as attorney's fees. In that regard, Plaintiff has made claims under Kentucky's Unfair Claims Settlement Practices Act, KRS § 304.12-230, *et seq*. which specifically authorizes the recovery of attorney's fees. As such, attorney's fee must be included in determining the amount in controversy for purposes of diversity jurisdiction. Additionally, Plaintiff's counsel stated on March 28, 2011 that Plaintiff was unwilling to stipulate that Plaintiff was seeking less than $75,000 total because of the possibility of punitive damages and attorney's fees. Consequently, it is now apparent that it is more likely than not Plaintiff's claims exceed $75,000.

2

Accordingly, the amount in controversy requirement is satisfied.

DN 1 at 4-5 (internal citations omitted). The instant motion to remand has followed.

## STANDARD

To establish subject matter jurisdiction based on diversity of citizenship, the amount in controversy must be at least $75,000.00. 28 U.S.C. § 1332(a). Diversity jurisdiction under section 1332 is determined at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). On motions to remand, the district court must scrutinize "whether the action was properly removed in the first place." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). "[W]here the plaintiff's complaint does not specify an amount of damages and does not affirmatively deny that damages will exceed $75,000, the burden is on the defendant seeking removal 'to show by a preponderance of the evidence that the amount-in-controversy requirement has been met.'" *Riley v. Sodexho, Inc.*, No. 07–CV-86, 2007 WL 2592220, at *2 (E.D. Ky. Sept. 5, 2007) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). Finally, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b).

## DISCUSSION

In examining this motion, the Court "has a responsibility to make an independent subject matter jurisdiction determination." *Fenger v. Idexx Labs., Inc.*, 194 F. Supp. 2d 601, 602 (E.D. Ky. 2002). Thus, while the parties have consumed the majority of their briefs addressing when Safeco should have removed the instant matter, the Court will first examine whether it is

removable at all.[1]

Safeco's assertions that its potential liability exceeds $75,000.00 are premised on two bases: (1) if Brantley's attorney is successful in adjudicating this claim, he may recover his fees under UCSPA and (2) Brantley's attorney refused to stipulate that the damages in this case did not surpass $75,000.00. DN 1 at 4-5. The Court will address these points in reverse order.

That Brantley's counsel has declined to stipulate that his client's damages are below $75,000.00 is not dispositive. It is well settled that a plaintiff's "refusal to stipulate that the damages are less than $75,000 does not itself justify removal." *Holt v. HMS Host USA*, No. 3:09-CV-344, 2009 WL 1794748, at *3 (M.D. Tenn. June 18, 2009); *see Davis v. BASF Corp.*, No. 03–CV-40198, 2003 WL 23018906, at *2 (E.D. Mich. Nov.24, 2003) ("If a defendant asks a plaintiff to stipulate that the damages are below the jurisdictional amount and if the plaintiff refuses to stipulate, the case cannot be removed based solely on this refusal." (citing *McLain v. Am. Int'l Recovery, Inc.*, 1 F. Supp. 2d 628, 630-31 (S.D. Miss. 1998))). Next, while there are currently insufficient facts in the record to decide whether Brantley will succeed in collecting these amounts, the presence of both of these bases for recovery persuades the Court that Safeco's potential liability exceeds the jurisdictional amount. The potential for attorneys' fees, punitive damages, and $55,400.00 in compensatory damages, along with the refusal of Brantley's counsel to stipulate, shows it is more likely than not that there is $75,000.00 in controversy.

Progressing to the parties' motions, Brantley argues remand is proper because the Admission Responses combined with the damages alleged in the complaint totaled more than $75,000.00. He continues, saying that since the notice of removal was filed some five months

---

[1] The parties concede that they satisfy the diversity requirements of section 1332.

4

after this discovery request, Safeco's removal was untimely. *See* 28 U.S.C. § 1446(b). Safeco instead stresses the amount in controversy was ambiguous from the complaint and Admission Responses, and not until Brantley's attorney declined to stipulate as requested could it be certain the jurisdictional amount was an issue.

"The strict time requirement for removal in civil cases in not jurisdictional; rather, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness has not been waived." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (citations omitted). Several district courts located within Kentucky's boundaries have written on the thirty-day period to remove under section 1446(b) and when it commences. All agree the reviewing court should "consider a defendant's actual knowledge to determine when the thirty-day period commences." *Mozee v. Dugger*, 616 F. Supp. 2d 672, 673-74 (W.D. Ky. 2009) (citing *Bragg v. Ky. RSA*, 126 F. Supp. 2d 448, 450 (E.D. Ky. 2001)).

Remand of this matter is inappropriate for several reasons. First, the Court has reviewed the Admission Responses and finds them unclear on their face. Brantley sought to couch his answers with qualifying language instead of offering the straightforward responses the questions sought. Rather than clarify the amount of damages at issue, his conditioning of the Admission Responses served only to muddy the waters. Any assurances by Brantley to the contrary are belied by the fact that Safeco had to ask for clarification of the answers after they were issued. It is therefore dubious that the Admission Responses may form the basis for removal in this matter.

Second, considering the ambiguity, Safeco's actual knowledge about Brantley's alleged damages was not altered upon receipt of the Admission Responses. The thirty-day period for removal only starts to tick when a defendant has "solid and unambiguous information that the

5

case is removable." *Franklin American Mortg. Co. v. Eagle Nat. Bank*, No. 3:10-cv-0069, 2010 WL 1628998, at *3-4 (M.D. Tenn. Apr. 21, 2010) (citing *Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991)).  Here, Brantley's complaint claimed compensatory damages below the jurisdictional amount, irrespective of attorneys fees and punitive damages.  Although Safeco attempted to learn more about these damages claims, Brantley thwarted its attempts by offering the convoluted Admission Responses.  What is more, these disclosures only reiterated the information Safeco possessed at the time of the complaint was filed; thus, it did not offer the data necessary to determine whether the matter was removable.

Finally, Brantley analogizes this matter to two past decisions: *Mozee v. Dugger*, 616 F. Supp. 2d 672 (W.D. Ky. 2009) and *McCraw v. Lyons*, 863 F. Supp. 430 (W.D. Ky. 1994).  He asserts they stand for the proposition that defendants may not sit idly by while the thirty-day period for removal runs.  *See Mozee*, 616 F. Supp. 2d at 673.  These matters are distinguishable however.  In *Mozee*, the Court found the defendants should have removed the action from the initial complaint because, prior to filing suit, the plaintiff had demanded $100,000.00 for pain and suffering.  *Id*. at 673-74.  In *McCraw*, the Court ruled that where the plaintiff sought damages for assault, battery, harassment, and outrageous conduct along with claims for punitive and compensatory damages, the action should have been removed from time of the initial complaint since it was clear from its face that the plaintiff was seeking in excess of the jurisdictional limit.  863 F. Supp. at 431-32.  In the instant matter, before refusing to stipulate at the end of March, Brantley consistently said his damages were somewhere around $55,000.00.  Such statements directly contradict the facts of *Mozee* and *McCraw*, where the plaintiffs'

6

pleadings never contested that the jurisdictional amount was in issue. In any event, the facts available to Safeco up until the end of March did not offer the unambiguous information necessary to trigger the count down to removal under section 1446(b).

## CONCLUSION

In closing, the Court finds that Safeco did not possess adequate knowledge about Brantley's damages to remove this matter until after Brantley's counsel refused to stipulate on March 28, 2011. Consequently, this case was timely removed from the Warren County Circuit Court. FOR THE FOREGOING REASONS, Plaintiffs' Motion to Remand (DN 5) is DENIED.