UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:11-CV-00054-R

**HAROLD BRANTLEY**                                                                                          **PLAINTIFF**

v.

**SAFECO INSURANCE COMPANY
OF AMERICA**                                                                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's motion to stay discovery on Plaintiff's bad faith claims (DN 20).  Plaintiff has responded (DN 23) and Defendant has replied (DN 25).  This matter is now ripe for adjudication.  For the reasons that follow, Defendant's motion is GRANTED.

## BACKGROUND

This matter centers around storm damage to Plaintiff Harold Brantley's property in Bowling Green, Kentucky.  On June 11, 2009, a severe thunderstorm caused damage to his roof and ultimately his ceiling to cave in.  Prior to the incident, Brantley had purchased a landlord protection policy ("Policy") with Defendant Safeco Insurance Company of America ("Safeco").  According to Brantley, Safeco refused to reimburse him for his losses in violation of the Policy's provisions.

Brantley brings this action under the laws of Kentucky against Safeco for breach of their insurance contract, violations of the Unfair Claims and Settlement Practices Act ("UCSPA"), and violations of the common law governing bad faith.  Compl. ¶14-29, DN 1-1 at 3-4.  Before removal to this Court, the Warren County Circuit Court entered an order to bifurcate the

1

coverage issues from the claims under the UCSPA and the common law of bad faith.  This Court's previous scheduling order included this agreement, holding the breach of contract claim would be tried first.  Order, DN 12 at 2.

Following a change of counsel by Plaintiff, the instant dispute arose regarding bifurcation.  Safeco asks the Court to bifurcate the trial and discovery process between the claims for coverage under the insurance agreement and the claims of bad faith.  Brantley objects to this procedure.

## STANDARD

Federal Rule of Civil Procedure 42(b) describes when a court may bifurcate a matter into separate trials.

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).  "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy.'"  *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).  Courts adopt the practice "'where the evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue.'"  *Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 635 (D.D.C. 2010) (quoting *Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996)).  Courts should also look to case-specific facts in deciding whether bifurcation is proper, placing the burden on the party seeking bifurcation to show separation of the issues is the most appropriate course.  *See e.g.*, *Stoudemire v. Michigan Dept. of Corr.*, No.

07–15387, 2011 WL 2447992, at *2 (E.D. Mich. June 14, 2011); *Farmers Bank of Lynchburg, Tenn. v. BancInsure, Inc.*, No. 2:10–cv–02222–DKV, 2011 WL 2023301, at *1 (W.D. Tenn. May 20, 2011).

## DISCUSSION

The bifurcation of claims for coverage under an insurance agreement and claims of bad faith on the part of the insurance provider is an oft discussed topic by district courts. *See Hoskins v. Allstate Prop. & Cas. Ins. Co.*, No. 6:06-CV-389-DCR, 2006 WL 3193435, at *2 (E.D. Ky. Nov. 2, 2006); *Honican v. Stonebridge Life Ins. Co.*, No. 05-CV-73-DLB, 2005 WL 2614904, at *1 (E.D. Ky. Oct. 13, 2005) (collecting cases). These cases lend themselves to bifurcation under Rule 42(b) because if the plaintiff cannot prevail on the coverage issue, the claim for bad faith necessarily fails. *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute."). Such a finding is important, as "whether the resolution of a single issue would be dispositive of an entire claim is highly relevant in determining the efficacy of bifurcation." *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982) (citing *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 542 (8th Cir. 1977)).

District courts within Kentucky often sever the trials for contract and bad faith claims in law suits akin to the instant action. In *Bruckner v. Sentinel Ins. Co., LTD*, No. 09-CV-195-JBC, 2011 WL 589911, at *1 (E.D. Ky. Feb. 10, 2011), an insurance company denied plaintiff coverage for property damage sustained when a pipe burst in her home. *Id*. at *1. The court separated the coverage questions from the claims of bad faith because the latter depended on whether she could succeed in showing a breach of contract. *Id*. at *2. Similarly, in *Honican v.*

*Stonebridge Life Ins. Co.*, the court opted to bifurcate claims to recover under an insurance policy and those requesting payment for the insurer's bad faith. 2005 WL 2614904, at *2. The court ultimately concluded separate trials would expedite the matter's resolution and guarantee the insurer was not prejudiced by litigating the issues simultaneously. *Id*.

Brantley instead points to *Tharpe v. Illinois Nat. Ins. Co.*, 199 F.R.D. 213 (W.D. Ky. 2001), as the proper roadmap for this Court to follow. There, the Court decided against bifurcation because the matter was a first-party insurance action rather than a third-party action. *Id*. at 214-15. Since only two litigants were involved, the Court found the issues of coverage and those for bad faith were "inextricably intertwined" and the "usual considerations which militate in favor of bifurcation [were] absent." *Id*. at 215. Brantley encourages the Court to adopt *Tharpe*'s example and deny Safeco's motion.

Brantley is wrong when he states first-party cases asserting coverage and bad faith are infrequently broken apart under Rule 42. A brief review of the prevailing precedent indicates first-party bad faith claims are routinely separated from coverage issues. *E.g.*, *Bruckner*, 2011 WL 589911, at *1; *Farmers Bank*, 2011 WL 2023301, at *1; *Hoskins v. Allstate Property & Cas. Ins. Co.*, No. 6:06-CV-389-DCR, 2006 WL 3193435, at *1 (E.D. Ky. Nov. 2, 2006). Moreover, it is unremarkable that courts take different approaches when confronted with the choice to bifurcate under Rule 42(b); after all, this decision is made on a case-by-case basis. *See In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988). What is most impressive from these decisions, however, is that the question of bifurcation centers on whether resolution of a single claim would be dispositive for the entire case. *See Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005) (bifurcation acceptable where bad faith claims depended on the application of

coverage issues); *Beverly Hills*, 695 F.2d at 216 (highly relevant where single claim would be dispositive); *Bruckner*, 2011 WL 589911, at *2 (bifurcation acceptable where bad faith claims depended on success of coverage issues).

Brantley's claims of bad faith will evaporate if he is not entitled to recovery under the policy. Bifurcation of the trials will thus avoid the expense of litigating certain issues that may never arise. It will also permit the jury to focus on a single issue at a time and therefore avoid the introduction of confusing and perhaps privileged evidence until absolutely necessary. Furthermore, since the parties initially prepared for a two-part trial before removal, the Court sees little chance of prejudice arising from its current decision. For these reasons, separation of the bad faith and coverage claims into two trials is proper.

The Court reaches a similar conclusion with Safeco's request to bifurcate the discovery process. Permitting broad-based discovery of the bad faith claim threatens to reveal Safeco's protected work product or other privileged materials. *Wolf v. Geico Insur. Co.*, 682 F. Supp. 2d 197, 199 (D.R.I. 2010). "Defendants may be prejudiced if [joint discovery] occurs before it is clear whether the plaintiff can even proceed with a bad faith claim by establishing a breach of contract." *Id*. (citations omitted). The concerns over the premature disclosure of Safeco's internal claims handling, in combination with the questions of Brantley's ability to succeed on his contract claim, lead the Court to believe "bifurcation would best serve the interests of judicial economy." *Bruckner*, 2011 WL 589911, at *2.

## CONCLUSION

IT IS HEREBY ORDERED Defendant's motion is GRANTED. The Court shall bifurcate this matter into two separate proceedings, the first encompassing Plaintiff's claim for

breach of contract and the second for the claims of bad faith under Kentucky law.  Defendant's request to stay discovery on the claims of bad faith is also GRANTED.